## McCLAINE v. RANKIN.

(Circuit Court of Appeals, Ninth Circuit. November 10, 1902.)

### No. 793.

1. NATIONAL BANKS—ACTION BY RECEIVER TO RECOVER ASSESSMENTS—COMPLAINT.

A complaint in an action by the receiver of a national bank to recover an assessment from a stockholder sufficiently shows the capital stock of the bank, although not directly alleged, where it alleges that there were 500 shares, of the par value of $100 each, and that the assessment was made ratably, at $100 per share, and amounted to $50,000.

2. SAME—NOTICE OF ASSESSMENT—EVIDENCE.

The testimony of a witness that in his capacity as receiver of a national bank he made personal demand upon a stockholder for the payment of an assessment, and that the stockholder admitted having received notice thereof, where uncontradicted, sufficiently shows notice and demand to support an action to recover the assessment.

3. SAME—AUTHORITY TO SUE.

Specific authority given by the comptroller to the receiver of a national bank to bring an action against a stockholder to recover an assessment

is not withdrawn, or affected by a subsequent general authority to compromise or sell all the claims or assets of the bank.

**4. SAME—DEFENSES—PRIOR ACTION BY RECEIVER.**

An action brought by the receiver of a national bank against a stockholder to enforce a compromise agreement entered into for the settlement of the stockholders' liability for an assessment, but in which the receiver took a voluntary nonsuit, is not a bar to a subsequent action to recover the assessment, the stockholder having failed to carry out the compromise agreement, nor did the receiver's action in commencing such suit create an estoppel against him.

In Error to the Circuit Court of the United States for the Western Division of the District of Washington.

T. O. Abbott, for plaintiff in error.

Robert G. Hudson and Robert S. Holt, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The receiver of the First National Bank of South Bend, Wash., brought an action against the plaintiff in error as a stockholder of said bank to recover a delinquent assessment. The cause was tried before the court without a jury, and judgment was rendered against the plaintiff in error for the sum of $2,300, with interest and costs.

The plaintiff in error assigns as error that the circuit court overruled his demurrer to the complaint. It is contended that the complaint fails to state a cause of action, for the reason that it does not show the total amount of the capital stock of the insolvent bank. We think the complaint is sufficient. While it does not in direct terms state the total amount of the capital stock, it sets forth facts from which it may be inferred. It alleges that the total assessment upon the shareholders was $50,000; that it was made ratably; that the assessment was $100 upon each share; that there were 500 shares; and that their par value was $100 each. From these averments it is plain that the capital stock was $50,000.

It is assigned as error that the court sustained the demurrer of the receiver to the first affirmative defense of the answer of the plaintiff in error. In that defense it was alleged that on December 30, 1897, the former receiver of said bank had commenced an action against the plaintiff in error in the superior court of the state of Washington for the county of Pierce, to recover the same assessment, and that a judgment was rendered therein in favor of said receiver for the amount of $2,300, which judgment, upon the application of the plaintiff in error, was subsequently vacated and set aside, and that thereafter, upon the application of the receiver, the action was dismissed without notice to the plaintiff in error and "without prejudice"; that thereafter, on the application of the plaintiff in error and with the consent of counsel for the receiver, the words "without prejudice" were struck from the judgment entry. It is contended that the judgment so pleaded in such affirmative defense constituted a bar to the present action, for the reason that the dismissal was not without prejudice, and was so entered with the consent of the receiver. By the provisions of sections 409, 411, 2 Hill's Code Wash., it will

appear that such a judgment of dismissal has not the effect which is contended for by the plaintiff in error, and that it is no bar to another action for the same cause.

It is contended that the court erred in admitting in evidence a certain exhibit which purported to be a copy of a notice served by the former receiver upon the plaintiff in error. The complaint had alleged a notice of the assessment and demand for its payment given and made to the plaintiff in error by the receiver, and this was denied by the answer. The receiver, to prove his cause of action, introduced the affidavit of Joseph G. Heim, the former receiver of said bank, together with the exhibit attached thereto. It was stipulated between the parties that the affidavit of Heim might stand in said cause for and as the testimony of said Heim in all respects as if it had been taken upon commission duly issued, or as if he were present in court; the plaintiff in error reserving an objection thereto on the ground of irrelevancy, immateriality, and incompetency only. It is contended now that the exhibit was incompetent testimony, for the reason that it was not the best evidence; that no notice or demand was served upon the plaintiff in error to produce the original notice; and that the copy, therefore, was secondary evidence. We do not find it necessary to consider this objection. It appears in the body of the affidavit that the affiant deposed to the fact that before the commencement of the action he made personal demand upon the plaintiff in error "for the payment of said assessment," and that the plaintiff in error admitted having received the notice and having knowledge thereof and of said demand. We think this was sufficient notice to and demand of the defendant in error, and that the admission of the exhibit, if it was error, was harmless.

It is contended that it affirmatively appears from the evidence that the receiver had no authority from the comptroller of the treasury to bring the present action. It is not denied that the record shows that there was originally authority to commence such an action, but it is contended that, inasmuch as authority was given subsequently to compromise the demand or to sell the same, it operated to retract the authority to sue. We think this assignment of error requires no extended discussion. The authority to bring the action was in no way curtailed or withdrawn by the authority to compromise or to sell the cause of action. The latter authority, so given, was a general power "to compromise and compound or sell at private sale all of the assets of said bank," including "claims due upon assessment of the capital stock." It was an authority entirely consistent with the specific authority previously given to bring suit. The receiver had the power to take either course so permitted by the comptroller.

It is contended, further, that the present action is barred by a second action which was brought for the purpose of enforcing the compromise which had been agreed upon between the receiver and the plaintiff in error at the time of the dismissal of the first action. It had been agreed as a compromise of said demand for said assessment that the plaintiff in error would convey to the receiver certain lots in South Bend, Wash., as a payment of the sum of $415.83, $215.83 whereof was to pay an account due to the bank from one

Morgan, and the remaining $200 was to be credited to the plaintiff in error on the said assessment, and that thereafter the plaintiff in error would pay the remainder of his assessment in certain installments, all of which were to fall due within a year from the date of the compromise. It appeared that this agreement was not carried out by the plaintiff in error, except that he conveyed the lots to the receiver and received the stipulated credit therefor. In order to enforce the compromise the receiver brought the action upon the agreement, but before proceeding to judgment he took a voluntary nonsuit, which he had the right to do. We cannot see how that proceeding affects his power to prosecute the present action. The plaintiff in error failed to carry out his part of the agreement. The receiver has in the present action credited him with the $200 so paid on account. We find no error in the ruling of the trial court in denying to this agreement of compromise the effect of a bar to the present action.

Equally without merit is the contention that the court erred in denying the motion of plaintiff in error for a judgment at the close of the trial, upon the ground that by instituting proceedings in the second action to enforce the compromise the receiver had elected that remedy and had thereby waived his right to pursue another. There is no question here of the right of election. Election refers to a choice between different forms of action based upon the same facts. These two actions relate to different states of fact. The former was brought to enforce an agreement of compromise. The receiver took a nonsuit therein, possibly for the reason that, as the answer of the plaintiff in error in the present action alleges, the compromise agreement had never been authorized or ratified by the comptroller. But, whatever may have been the reason, the receiver had the right to regard the compromise as abandoned, and to sue upon the assessment. He chose that course. He was not estopped to do so by reason of having instituted an action upon the compromise agreement.

It is contended that the liability of the plaintiff in error upon the assessment was satisfied by the payment of the $200 and the conveyance of the lots; that in taking the $200 the receiver became trustee for the plaintiff in error to secure the ratification of the proposal then submitted. This contention cannot be sustained. It is only necessary to advert to the fact, already alluded to, that the plaintiff in error failed to carry out his agreement of compromise, and that the receiver applied the $200, which had been paid him, on the assessment, and in the judgment gave the plaintiff in error credit therefor. It is argued in this connection that the lots were of much greater value than $415.83, and that the receiver still retains the title to the lots. It must not be forgotten, however, that the lots were turned over at an agreed price, and that they were conveyed for a double purpose—First, to pay the debt of $215.83 owing by Morgan to the bank; and, second, to pay $200 upon the assessment owing from the plaintiff in error.

We find no error in the record for which the judgment should be reversed. The judgment is affirmed.